# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HELEN PROVINCE and RONALD
HOWARD,

        Plaintiffs,

      vs.

MIDLAND FUNDING LLC and MIDLAND
CREDIT MANAGEMENT, INC.,

        Defendants

ONEMAIN FINANCIAL GROUP, LLC.,

        Intervenor.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 3:20-cv-110
Judge Stephanie L. Haines

## OPINION AND ORDER OF COURT

This is a putative class action lawsuit brought by Helen Province and Ronald Howard

("Plaintiffs") against Midland Funding LLC and Midland Credit Management, Inc. ("Defendants")

alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et*

*seq.*, the Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. §§ 2270.1 *et seq.*, the Unfair

Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1 *et seq.*, and the

Consumer Discount Company Act ("CDCA"), 7 P.S. §§ 6201, *et seq.*.

Presently before the Court is Defendants' motion for leave to file certain documents under

seal.  Plaintiffs oppose the motion, while Intervenor OneMain Financial Group LLC ("OneMain")

has filed a memorandum of law in support of Defendants' motion.  For the following reasons,

Defendants' motion for leave to file the documents under seal [Doc. 12] will be **denied**.

1

## I.   Background

On June 8, 2020, Plaintiff's filed a class action complaint, individually and on behalf of several putative classes of similarly situated individuals, asserting claims under the FDCPA and various Pennsylvania consumer protection statutes [Doc. 1]. Defendants responded with a motion to compel arbitration or, in the alternative, to dismiss the complaint [Doc. 11]. In conjunction with that motion, Defendants filed a motion pursuant to Local Rule 5.2(H)[1] for leave to file certain documents under seal, which they assert contain confidential and proprietary information [Doc. 12].

As directed by the Court [Doc. 17], Defendants have forwarded to the Court for in camera review the following documents that they wish to file under seal in their entirety as exhibits to the Affidavit of Operations Manager Adam Swaninger in support of their motion to compel/motion to dismiss [Doc. 11-3]: (1) Purchase and Sale Agreement 2016 OneMain Fresh Accounts dated June 21, 2016 [Exhibit J]; (2) Bill of Sale dated June 28, 2016 [Exhibit K]; (3) Purchase and Sale Agreement 2016 OneMain Fresh Accounts dated March 29, 2016 [Exhibit M]; and, (4) Bill of Sale dated December 19, 2016 [Exhibit N].

Plaintiffs oppose Defendants' motion for leave to file the documents under seal [Doc. 20]. Plaintiffs assert that Defendants have not established "good cause" for sealing the documents, noting that one of the Purchase and Sale Agreements already was filed on the public record in another case, and further alleging that Defendants "routinely" disclose documents similar to the Bills of Sale to the public. Plaintiffs indicate, however, that they would not oppose the filing of the documents with certain redactions.

---

[1] Local Civil Rule 5.2(H) requires a party to obtain prior leave of court for each document that is requested to be filed under seal, and further provides that a party may file a document under seal only after obtaining an order of court.

OneMain has been granted leave to intervene for the limited purpose of asserting its position that Defendants should be permitted to file the documents under seal [Doc. 23]. OneMain contends that the public dissemination of the documents at issue would negatively impact their competitive standing and would affect a clearly defined and serious injury to OneMain [Doc. 22]. They also assert that the documents are irrelevant to the allegations set forth in Plaintiffs' complaint.

Plaintiffs filed a response to OneMain's memorandum disputing their allegations of harm, but reiterating that they would not oppose the redaction of portions of the documents containing terms related to "current pricing and competitive strategies" [Doc. 24].

## II.    Standard

The common law presumes that the public has a right of access to judicial materials. *In re Avandia Marketing, Sales Practices and Products Liability Litigation,* 924 F.3d 662, 672 (3d Cir. 2019). This right of access includes the right to attend court proceedings and to "inspect and copy public records and documents, including judicial records and documents." *In re Cendant Corp.,* 260 F.3d 183, 192 (3d Cir. 2001). A "judicial record" is a document that "has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* Once a document becomes a judicial record, a presumption of access attaches. *See id.* at 192–93.

The right of access is not absolute, however, and may be rebutted. *Id.* The party seeking to overcome the presumption of access bears the burden of showing "'that the interest in secrecy outweighs the presumption.'" *Avandia*, 924 F.3d at 672 (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). The movant must show "'that the material is the kind of information that courts will protect and that disclosure will work

a clearly defined and serious injury to the party seeking closure.'" *Avandia*, 924 F.3d at 672

(quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

While not absolute, the presumption of access is strong.  Thus, before finding that the

presumption has been overcome, a court must "articulate 'the compelling, countervailing interests

to be protected,' make 'specific findings on the record concerning the effects of disclosure,' and

'provide[ ] an opportunity for interested third parties to be heard.'" *Id.* at 672-3 (quoting *In re*

*Cendant Corp.*, 260 F.3d at 194) (emphasis omitted; internal citations omitted).

In addition, because "careful factfinding and balancing of competing interests is required

before the strong presumption of openness can be overcome by the secrecy interests of private

litigants," a court must "conduct[ ] a document-by-document review" of the contents of the

challenged documents." *Id.* (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d

157, 167 (3d Cir. 1993)).

### III.   Analysis

The Court begins its analysis by recognizing that the "strong presumption of openness does

not permit the routine closing of judicial records to the public." *Miller*, 16 F.3d at 551.  Here, the

documents at issue clearly qualify as "judicial records," as Defendants seek leave to file them with

the Court for incorporation into the adjudicatory proceedings as exhibits in support of their motion

to dismiss/compel arbitration.  *See In re Cendant Corp.*, 260 F.3d at 192.  Accordingly, a strong

presumption of access to those documents attaches and this Court must apply the exacting common

law right of access standard in determining whether to permit Defendants to file them under seal.

Under that standard, the Court finds that Defendants' motion, even as supplemented by OneMain's

position as Intervenor, is insufficient to overcome the presumption of public access.

Initially, Defendants' motion falls far short of overcoming the presumption of public

access.  Defendants ask that the four documents, in their entirety, be filed under seal solely based on the allegation that they "contain confidential and/or proprietary information" not only of Defendants, but of OneMain, which "should not be publicly disclosed."  The Third Circuit Court of Appeals has made clear, however, that in order to show that disclosure will work a serious injury under the common law right to access standard, "specificity is essential," and "broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Avandia*, 924 F.3d at 673.  Here, Defendants' motion contains nothing more than a broad, vague, and conclusory allegation that the documents contain confidential and/or proprietary information, and makes no attempt to establish with any specificity any clearly defined and serious injury that would result from public disclosure, either to Defendants or to OneMain.

Moreover, the fact that the documents may contain information that broadly falls under the umbrella of the parties' Court-approved stipulated confidentiality agreement and protective order [Doc. 15] is insufficient in and of itself to overcome the presumption of public access when that information is included in judicial records.  *See, e.g., Mine Safety Appliances Co. v. N. River Ins. Co.*, 73 F.Supp.3d 544, 563 (W.D. Pa. 2014) ("[m]eeting the good cause standard of Rule 26(c) cannot in itself provide the showing needed to seal the submission of judicial records to be utilized in a formal adjudication of central issues in a lawsuit") (citing *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. CIV.A. 09-290, 2013 WL 1336204, at *4 (W.D. Pa. Mar. 29, 2013)). Rather, as already discussed, the applicable standard in determining whether confidential documents may be filed under seal is the more rigorous common law right of access standard, *Avandia*, 924 F.3d at 670, and the Court nevertheless must closely scrutinize the materials "to determine whether the public right of access has been overcome in order 'to protect the legitimate public interest in filed materials from . . . protective orders agreed to by the parties for their self-interests.' " *Mine Safety*

*Appliances Co.*, 73 F.Supp.3d at 563 (quoting *Leucadia*, 998 F.2d at 166).[2]

The Court further finds that the reasons advanced by OneMain in support of the sealing of the documents likewise are insufficient to overcome the presumption in favor of public access. OneMain contends that the two Purchase and Sale Agreements and two Bills of Sale are sources of business information the disclosure of which would adversely affect OneMain's competitive standing by giving their customers and competitors an unfair advantage and by unfairly disclosing OneMain's work product to the public "free for the taking."

While it is true that courts permissibly may seal judicial records "where they are sources of business information that might harm a litigant's competitive standing," *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991) (internal quotation marks omitted), OneMain has not identified any <u>specific</u> information contained in the documents at issue that it believes will harm its standing, but instead seeks to have those documents sealed in their entirety.

The Court is unpersuaded that public disclosure of the Purchase and Sale Agreements or the Bills of Sale will result in any sort of clearly defined and serious injury to OneMain's competitive standing. First of all, many of the provisions in these agreements appear to the Court

---

[2] In both of their responses [Docs. 20, 24] Plaintiffs indicate that they would not oppose the filing of the Purchase and Sale Agreements and Bills of Sale with certain redactions, similar to redactions made to such documents that were filed on the public record in the case of *Zirpoli v. Midland Funding LLC, et al.*, 1:19-cv-01428-JPW (M.D.Pa). However, even where an opposing party does not object to a sealed filing, it is the *public's* right of access that must be the starting point, and the scale is tipped at the outset in favor of access. *Avandia*, 924 F.3d at 677. Here, both Defendants and OneMain seek leave to file the documents under seal *in toto* for reasons insufficient to overcome the presumption in favor of public access. Moreover, the Court notes that the redacted documents were filed in the *Zirpoli* case without motion for leave to seal or a court order, and apparently without any sort of *Avandia* analysis having been conducted. In this district, Rule 5.2.D enumerates certain types of personal identifiers that must be redacted. Otherwise, other information can be redacted but only upon leave of court to seal those specific portions of the documents. Here, as mentioned, neither Defendants nor OneMain have identified any <u>specific</u> information in the documents for redaction, but instead seek to have the documents filed under seal in their entirety. It is not the Court's task to peruse the documents for any specific information that might be entitled to protection from public disclosure and redaction under an *Avandia* analysis.

to contain rather boilerplate language that certainly OneMain cannot seriously contend is their own protected work product.  Second, and more importantly, OneMain has not identified any specific provisions of any of the documents that would adversely affect OneMain's competitive standing should they be disclosed.   Indeed, as Plaintiffs aptly point out, one of the Purchase and Sale Agreements has been on the public record in *Zirpoli v. Midland Funding LLC, et al.*, 1:19-cv-01428-JPW (M.D.Pa) since November 18, 2019, and, to this day, OneMain has made no motion to intervene in that action in order to have that document sealed to protect its confidential business information.   The other Purchase and Sale Agreement at issue in this case contains virtually identical terms.  Thus, OneMain's work product already has been, in their own words, "free for the taking" in the public domain for nearly two years, without any apparent harm to OneMain's competitive standing.[3]

In deciding whether to seal, *Avandia* requires this Court to conduct a document-by-document review, and further requires the Court to articulate the interests to be protected, engage in the balancing process and make specific findings on the record.  924 F.3d at 677.  The Court has conducted an in camera review of the documents at issue here, and, after balancing the interests asserted by Defendants and OneMain, those asserted by Plaintiff, and the interest of the public as well, finds that neither Defendants nor OneMain have presented compelling arguments sufficient to satisfy their burden to show that their interest in secrecy is sufficient to rebut the strong presumption in favor of public access to the judicial records they seek to file under seal.[4]

---

[3] OneMain further argues that the documents should be filed under seal because the terms of the underlying sales transactions bear no relationship to Plaintiffs' alleged causes of action and are irrelevant to the instant motion [Doc. 22 pp 6-7].  The Court need not delve into issues of relevancy at this time.  If the documents are not relevant, however, it begs the question of why they need to be filed at all, let alone under seal.  After all it is the Defendants, not the Plaintiffs, who seek to file the documents.

[4] Because the Court concludes that the common law is sufficient to protect the right to public access in this case, the First Amendment right of public access to judicial records need not be addressed.

7

## IV.     Conclusion

The common law right of access "disallows the routine and perfunctory closing of judicial records." *Avandia*, 924 F.3d at 677 (citing *In re Cendant Corp.*, 260 F.3d at 193–94).   Moreover, "the right of access is not a mere formality — it 'promotes public confidence in the judicial system'; 'diminishes possibilities for injustice, incompetence, perjury, and fraud'; and 'provide[s] the public with a more complete understanding of the judicial system and a better perception of its fairness.' " *In re Avandia*, 924 F.3d at 677 (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)).   For the reasons set forth herein, the Court finds that Defendants' conclusory assertion that the documents contain confidential and/or proprietary information is insufficient to overcome the strong presumption in favor of public access to documents filed in a federal court.   Nor are OneMain's vague assertions of harm to its competitive standing sufficient to overcome that presumption.  As a result, Defendants' motion for leave to file documents under seal will be denied.

Accordingly, the following order is entered:

## <u>ORDER OF COURT</u>

AND NOW, this 28th day of September, 2021, for the reasons set forth herein, IT IS ORDERED that Defendants' motion for leave to file documents under seal [Doc. 12] hereby is **denied**.

Stephanie L. Haines
United States District Judge

---

See *Avandia*, 924 F.3d at 673, 680 (declining to extend the First Amendment right of public access to summary judgment records when the common law right of access is sufficient, and noting that if a district court determined that any documents should remain sealed under the right of public access, that court must then consider whether the First Amendment right of access attaches); *see also Scutella v. Erie Cty. Prison*, No. 1:19-CV-00245, 2020 WL 1853267, at *2 n. 1 (W.D. Pa. Apr. 13, 2020).